SHAW v. NATIONAL GERMAN–AMERICAN BANK OF ST. PAUL, MINN.

(Circuit Court of Appeals, Eighth Circuit. September 5, 1904.)

No. 2,041.

1. NATIONAL BANKS—POWER TO PURCHASE STOCK OF OTHER BANKS—LIABILITY FOR ASSESSMENT.

A national bank has no power to invest its surplus fund in the stock of another national bank, and cannot be assessed thereon as a stockholder, although it actually made the purchase and held and received dividends on the stock.

In Error to the Circuit Court of the United States for the District of Minnesota.

Guy C. H. Corliss (F. A. Hart, on the brief), for plaintiff in error.

Edward P. Sanborn, for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. The First National Bank of Pembina, N. D., failed December 21, 1897, and the plaintiff herein is the receiver thereof, duly appointed by the Comptroller of the Currency. In December, 1889, the defendant, the National German-American Bank of St. Paul, purchased from the former owner thereof 37 shares of the capital stock of the Pembina Bank with funds drawn from its own surplus. This stock and the certificate evidencing the same were, by an instrument in writing, duly transferred to the defendant. The purchase was properly entered in its books and records as an investment of its surplus, and so appeared down to the failure of the Pembina Bank, when it was charged off as a loss. The old certificate was promptly surrendered at the time of the purchase, and a new one taken in the name of the defendant. From that time it appeared upon the books and records of the Pembina Bank as the absolute owner of this stock, and received as such shareholder dividends aggregating $2,368. The present action is brought to recover an assessment of 100 per cent. levied upon said stock by the Comptroller of the Currency. To an amended complaint setting forth these facts a general demurrer was interposed, which was sustained by the trial court, and, the plaintiff electing to stand upon his complaint, final judgment went against him. These are the only errors now complained of.

The record contains no fact which can properly distinguish this case from California National Bank v. Kennedy, 167 U. S. 362, 17 Sup. Ct. 831, 42 L. Ed. 198, and First National Bank v. Hawkins 174 U. S. 364, 19 Sup. Ct. 739, 43 L. Ed. 1007. Counsel for plaintiff asks us to re-examine the doctrines there announced by the Supreme Court. That, of course, we cannot do. Upon the authority of those decisions the judgment is affirmed.